## HAYDEN *v.* MEMPHIS.

## (*Jackson.*    March 3, 1898.)

1. CIRCUIT COURT.  *Certiorari.*

   The Circuit Court has the power, in the absence of any statutory right of appeal, to compel, by certiorari, upon petition showing good cause, the production by a City Council of the record of its proceedings removing one of its officers, and to determine thereon whether that body has proceeded illegally, and for sufficient cause, appearing therein, to quash their judgment of removal.  (*Post, pp. 583–586.*)

   Code construed: §§ 4853, 4854 (S.); §§ 3838, 3839 (M. & V.); §§ 3123, 3124 (T. & S.).

   Cases cited and approved: Mayor *v.* Paul, 11 Hum., 248; Durham *v.* United States, 4 Hay., 69.

   Cited and distinguished: Wade *v.* Murray, 2 Sneed, 49; Tomlinson *v.* Board, 88 Tenn., 1.

2. MUNICIPAL CORPORATIONS.  *Power to remove city officer.*

   A municipal corporation has inherent power, in the absence of any controlling statute, to remove its officers for cause, but its mode of procedure for that purpose must reasonably conform to the principles and analogies of the common law.  The accused is entitled to notice, and to a fair hearing.  The charges against him must be specific, and stated with substantial certainty.  The proof and judgment must conform to the charges made.  (*Post, pp. 587, 588.*)

   Cases cited: 90 Mo., 19; 142 Mass., 90; 13 Col., 460; 82 Mich., 255; 4 R. I., 595.

3. SAME.  *Same.  Case in judgment.*

   The judgment of a City Council removing an officer is void, and will be quashed by certiorari, where he is tried upon the specific charge of soliciting a bribe, but convicted of failing to disclose

to his associates that he had been offered a bribe, and for that cause alone removed. (*Post, pp. 586–590.*)

FROM SHELBY.

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, J.

J. J. DUBOSE for Hayden.

METCALF & WALKER for Memphis.

BEARD, J. We have no doubt of the supervisory power of the Circuit Court of Shelby County over the City Council of Memphis in the case presented in this record, and that to determine whether that tribunal pursued legal methods in removing the plaintiff in error as a member of the council, that Court could require, by its writ of certiorari, the record of the proceedings for the removal to be brought before it for a revision.

Mr. Dillion, in Vol. II., Sec. 925 (4th Ed.), of his work on Municipal Corporations, is abundantly sustained by authority in saying that it is well settled in England that Courts of superior and general jurisdiction will examine, on certiorari, the proceedings of Courts of inferior or special jurisdiction or officers; and in Sec. 925, in stating the unquestionable weight of authority in this country to be, "if an appeal be not given or some specific mode of review provided,

that the superior common law Courts will, on certio-
rari, examine the proceedings of municipal corpora-
tions, even although there be no statute giving this
remedy; and if it be found that they have exceeded
their chartered powers or have not pursued those
powers, or have not conformed to the requirements of
the charter or law under which they have undertaken
to act, such proceedings will be reversed or annulled.
An aggrieved party is, in such case, entitled to a
*certiorari ex debito justitiæ.*"

This Court has had occasion frequently to recog-
nize the extensive limits of this writ. In *Mayor* v.
*Paul*, 11 Hum., 248, it is said: "It [the writ] has
been adopted by us as the almost universal method
by which the Circuit Courts of general jurisdiction,
both civil and criminal, exercise control over all in-
ferior jurisdictions, however constituted and whatever
their course of proceeding, as well where they have
attempted to exercise a jurisdiction not conferred as
where there has been an irregular or erroneous ex-
ercise of jurisdiction, and in criminal proceedings as
well as in civil. Instead of restricting the use of
the certiorari to the proceedings of inferior Courts
whose proceedings are not according to the Courts
of common law, and where, for that reason, a writ
of error will not lie, it is held that it lies to re-
move the proceedings of all tribunals exercising ju-
risdiction under statutory regulations, whether in a
summary way or by a mode of proceedings not ac-
cording to common law form."

As possibly an extreme illustration of the exercise of this supervisory power, the case of *Durham* v. *United States*, 4 Hay., 69, may be referred to where the proceedings of a court martial were brought into the Circuit Court by this writ, and a judgment assessing a fine was held void.

Not content, however, with leaving the right to the writ of certiorari to depend upon the principles of the common law, as they had been liberally applied in modern jurisprudence, it was guaranteed to the citizens of this State by the Constitution of 1834, and again by the present Constitution. In addition, the Legislature has sought to make effectual this constitutional right in Code (Shann.), §§ 4853, 4854, so that now it is well established in this State that "the writ of certiorari will lie upon sufficient cause shown, where no appeal is given, when an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally when, in the judgment of the Court, there is no other plain, speedy, or adequate remedy." *Tomlinson* v. *Board of Equalization*, 4 Pickle, 1.

In the present case we have a municipal board exercising judicial functions in trying and removing from his corporate office one of its members, from whose judgment of amotion confessedly no appeal is given; it only, therefore, remains to be seen whether "sufficient cause" is shown by the petition for the issuance of the writ. Before considering this phase of the question, it is proper to say that

we do not regard the cases of *Wade* v. *Murray*, 2 Sneed, 49, and *Tomlinson* v. *Board*, *supra*, as in the way of this conclusion, for in both of those cases the Court found clear evidence of the intention of the Legislature that the judgments of the special tribunals called in question should not be the subject of review in other and superior jurisdictions; and in each case a sound public policy forbade a revision of the conclusions severally reached in those cases.

Returning, does the petition assign "sufficient cause" for invoking the aid of this writ? The petition alleged, and having been dismissed on motion, its averments must be taken as true, that as a member of the Board of Public Works, and of the Legislative Council, the petitioner was notified that he must make answer to the specific charge that he had offered Alsup & Johnson, architects, to secure an acceptance by the board and council of their plans for a market house, if they would pay to him $800 in installments, and that this proposition was made by him while the question of the adoption of these plans was still pending, and that in answer to this notice he appeared and made defense; but that, instead of convicting him of the offense thus charged, he was found guilty of an offense not charged, to wit: of "grossly immoral conduct, and of malfeasance in office," in words following: "According to the testimony of said Hayden, one B. C. Alsup did, on the thirtieth or thirty-first of March, 1896, offer to pay money to said Hayden

for his vote and influence in the question of adopt-
ing the plans for the Beale Street Market House
submitted to the council by Alsup & Johnson, and
then under consideration by the council, and in that
said Hayden, after said offer to pay money for his
vote and influence, failed to report same to the
council, and signed a committee report recommend-
ing the adoption of the plans submitted by Alsup
& Johnson, and at the council meeting voted for the
adoption of said plans. The council reaches this
conclusion on the testimony of said Hayden, and does
not find it necessary to determine whether said Hay-
den offered to take a bribe from said Alsup, or
whether said Alsup offered a bribe to said Hayden."
Upon this finding the board and council thereupon
removed Hayden from office and declared his place
vacant.

Was this judgment of amotion warranted? The
provision of the Act of the Legislature under which
this action took place is as follows: "The Legisla-
tive Council shall have power to remove either of
said Commissioners or either member of the Board
of Public Works for malfeasance or misfeasance in
office, or habitual drunkenness or grossly immoral
conduct." Acts of 1879, Ch. XI., Sec. 16, p. 27.

While there is this legislative authority given,
yet this was not essential, as it is well settled that
a municipal corporation has the incidental or inherent
power to make by-laws for the removal of one of
its officers for just cause. This was decided in

*Rex* v. *Richardson*, 1 Burr, 517, and has been recognized as sound law in England and America, in many cases. But whether acting upon express legislative warrant or in the exercise of inherent power, in the matter of amotion, the corporation must act with some degree of conformity to the rules of the common law. There must first be notice given to the accused of the time when, and the place where, the trial body will meet, in order that he may be present in person, and with his witnesses. This notice may be dispensed with, as in the present case, by the appearance of the accused, and his answer to the charges. 1 Dillon Mun. Cor. (4th Ed.), Sec. 254. Then " there must be a charge or charges against him specifically stated with substantial certainty, yet the technical nicety required in indictments is not necessary." *Ib.*, Sec. 255. The text-writers, as well as the decided cases, lay emphasis upon this necessity to formulate charges as an essential in all proceedings where the tribunal has the power of amotion for cause. " The power of removal can only be exercised when charges are made against the accused." *State* v. *St. Louis*, 90 Mo., 19.

And in *Howe* v. *Boston*, 142 Mass., 90, it was held that a board of police could not exercise the right of removal without first assigning a cause, and then giving the accused an opportunity to be heard. To the same effect are *Denver* v. *Barrow*, 13 Col., 460; *Hallegross* v. *Campbell*, 82 Mich., 255; *Williard's Appeal*, 4 R. I., 595. It being clear on author-

ity that formulated charges are essential to the reg-
ularity of proceedings in such cases, it follows nec-
essarily that a conviction, in the absence of such
charges, or outside of or beyond the purview of
those that are made, cannot be maintained. As has
already been seen, the specific charges made against
Hayden, and the one he was called upon to answer,
were that he had offered, upon the payment of
money by Alsup & Johnson to him, to secure an
acceptance of their plans for the new market house,
and he is convicted of the offense, giving the most
liberal construction to the finding, of failing to dis-
close to the common council that a bribe had been
offered to him by Alsup for his vote and influence
while these plans were under consideration. We
think it clear, if the rule requiring specific charges is
to be enforced, this is a fatal variance, which neces-
sarily avoids the judgment of the council in this case.
But, over and beyond this, we think it clear that the
judgment of amotion cannot be sustained upon a
record such as is here presented. As will be seen,
while in the first or preceding part of its record,
the council concludes that Alsup did "offer to pay
money to said Hayden for his vote and influence,"
yet in the last portion it is stated that it is not
deemed necessary to determine whether Hayden offered
to take, or was offered by Alsup, a bribe. It is
apparent that if he neither offered to accept nor was
offered a bribe, then this judgment was left alto-
gether without support. No explanation is furnished

of these inconsistent recitals, and we have not been able to find any satisfactory mode of reconciling them. For these reasons we are satisfied the petition in this cause presented a sufficient cause for the Circuit Court's issuing the writ of certiorari, and that its duty in the exercise of its supervisory jurisdiction was to have quashed this judgment of the common council.

The judgment of the Circuit Court in dismissing the petition is reversed, and the judgment of removal pronounced by the common council is quashed by this Court.