# CITY OF KNOXVILLE *v.* ED. D. CONNORS.

## (*Knoxville.* September Term, 1917.)

1. **CERTIORARI. Review. Law of case.**

A former determination by the supreme court in the same proceedings that petitioner who was removed from the office of chief of police was a civil service employee entitled under the charter of the municipality to have charges formulated and preferred against him, and to a trial before removal, is conclusive in subsequent proceedings as the law of the case. (*Post, pp.* 47-49.)

Cases cited and approved: Connors v. City of Knoxville, 136 Tenn., 428.

2. **CERTIORARI. Writ. Issuance. Discretion.**

While the issuance of a writ of *certiorari* is a matter within the discretion of the court, and a writ may be refused which would otherwise be issued where substantial justice has been reached by an inferior tribunal, or where public inconvenience or confusion would follow the writ, yet where the supreme court had found that one removed from the office of chief of police of a city was entitled to *certiorari* to review the removal, the contention that the court in its discretion might decline to entertain the writ is foreclosed. (*Post, pp.* 49-50.)

Cases cited and approved: State v. Taxing District, 84 Tenn., 240; May v. Campbell, 1 Tenn., 61; People v. Brooklyn Assessors, 39 N. Y., 81; People v. Brooklyn Fire Comm., 103 N. Y., 370; Farrington R. W. Power Co. v. Berkshire County Com'rs, 112 Mass., 206; State ex rel. Hamilton v. Guinotte, 156 Mo., 513.

Case cited and distinguished: Harris v. Barber, 129 U. S., 366.

3. **CERTIORARI. Writ. Scope of relief.**

Where it was found on writ of *certiorari* that removal of petitioner from the office of chief of police was unauthorized because he was not accorded trial as required by the city's charter,

and charges were not preferred against him, the order of removal should be quashed, but the court is without jurisdiction to direct a reinstatement of petitioner, for that would unduly extend the writ and grant relief beyond the scope of the pleadings. (*Post, pp.* 50-51.)

### FROM KNOX.

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—VON A. HUFFAKER, Judge.

CHAS. T. CATES, JR., W. T. KENNERLY and J. PIKE POWERS, JR., for appellant.

L. D. SMITH, JOHN W. GREEN and REUBEN L. CATES, for appellee.

MR. JUSTICE GREEN delivered the opinion of the Court.

This case is again before us. It involves an attempt by Ed. D. Connors, formerly chief of police of the city of Knoxville, to review the action of the municipal authorities in removing him from that office.

Connors filed a petition for *certiorari* alleging that he was removed without any hearing by the city council of Knoxville; that he was entitled to a hearing under civil service provisions of the city's charter, and he sought to have the proceedings removing him quashed on this petition to the circuit court of Knox coun-

ty. That court held that the petition did not lie, which action was affirmed by the court of civil appeals, and the case came to this court at the September term, 1916. *Connors* v. *City of Knoxville*, 136 Tenn., 428, 189 S. W., 870.

This court was of opinion that Connors was entitled to a hearing; that his tenure of office was protected by the civil service provisions of the city's charter, and that common-law *certiorari* would lie to review the action of the city council in removing Connors from office summarily. The case was remanded to the circuit court, with directions to issue the writ "to remove the proceeding from the inferior board for the purpose of revision, not for a trial *de novo,* but for review of the record to be certified from the inferior tribunal, and for judgment of quashal or affirmance." *Connors* v. *City of Knoxville*, supra.

The case accordingly went back, and an answer was filed by the city of Knoxville and a large amount of proof taken, the greater part of which was entirely beyond the scope of the investigation that should have been made to conform to the opinion of this court.

The writ ordered to be issued by this court was a common-law writ of *certiorari,* not a statutory writ. The only question open for investigation of the circuit judge was whether or not the city council had acted legally in removing Connors.

We held on the former hearing that Connors was entitled under the charter of Knoxville to have a trial, and to have charges formulated and preferred against

him, and could not be summarily removed. That question was foreclosed by the former opinion of the court. The law of this case was declared, and we will not consider it again.

The circuit judge found that the proceedings against Connors were not had upon notice, and that he had no trial. This finding is abundantly sustained by the evidence. No charges were filed against him, and no notice that he would be tried was given him. He was told that he was to be removed, and he was present at the meeting of the city council when he was removed. It was never intended, though, to have a trial, for, as a matter of fact, the majority of the commissioners thought that Connors was not within the civil service clause of the charter.

It was also contended at the trial before the circuit judge that Connors was not removed from office, but was merely transferred from one place to another in the same department. He was removed from the office of chief of police at a salary of $125 per month and made market master at a salary of $90 per month. The testimony of the mayor discloses that this action with reference to Connors was not intended as a transfer from one place to an another for the good of the service; on the contrary, it was thought desirable to remove Connors from the office of chief of police, but the other position appears to have been given him merely through motives of sympathy.

Although reaching the conclusion that the city council acted illegally in removing Connors in that he did

not have a trial with charges preferred against him, and that he was not transferred, but was actually removed, within the prohibition of the civil service clause, the circuit judge thought inasmuch as in his opinion Connors was a person unsuitable for the office of chief of police, his petition for *certiorari* should be dismissed.

In this the circuit judge was in error, and the court of civil appeals properly so held.

It is true that the issuance of a writ of *certiorari* is a matter within the discretion of the court. A writ may be refused which would otherwise issue, where substantial justice has been reached by an inferior tribunal, or where public inconvenience or confusion would follow the writ. *State* v. *Taxing District,* 84 Tenn. (16 Lea.), 240; *May* v. *Campbell,* 110 Tenn. (1 Overt.), 61; 5 R. C. L., p. 255.

The time for invoking the discretion of the court, however, in this case had passed when the testimony reflecting on Connors was brought out.

When this case was formerly heard, the issuance of the writ of *certiorari* was opposed on the theory that Connors was not protected by the civil service provisions of the charter of Knoxville; that the writ would not lie in view of the fact that an appeal from the action of the city council to the circuit court was provided; and it was further suggested that Connors had not been removed from office, but merely transferred as is again argued. The matter of his incompetency or unworthiness was not brought to the atten-

tion of the court. The case was presented on questions of law indicated, and this court directed the circuit judge to issue this writ of *certiorari.*

In other words, we had already exercised our discretion before this appeal to discretion was made. The great weight of authority is to the effect that when the writ of *certiorari* is once issued, the discretionary nature of the matter has passed. The supreme court of the United States has said:

"Although the granting of the writ of *certiorari* rests in the discretion of the court, yet, after the writ has been granted, and the record certified in obedience to it, the questions arising upon that record must be determined according to fixed rules of law, and their determination is reviewable on error." *Harris v. Barber,* 129 U. S., 366, 9 Sup. Ct., 314, 32 L. Ed., 697.

To like effect, see *People v. Brooklyn Assessors,* 39 N. Y., 81; *People v. Brooklyn Fire Commissioners,* 103 N. Y., 370, 8 N. E., 730; *Farrington R. W. Power Co. v. Berkshire County Com'rs,* 112 Mass., 206, 212; *State ex rel. Hamilton v. Guinotte,* 156 Mo., 513, 57 S. W., 281, 50 L. R. A., 787.

Having found that the city council did not act legally in its removal of Connors, the trial judge should have quashed the proceedings of that body. The court of civil appeals so held, and its decree will be affirmed to that extent.

The decree of the court of civil appeals, however, went further and undertook to order a reinstatement of Connors into his office. This order was beyond the

City of Knoxville v. Connors.

scope of the pleadings. It unduly extended the function of the writ of *certiorari*. Judgment of this court will be that the proceedings of the city council of Knoxville by which Connors was removed are void and such proceedings are quashed. His legal rights are certainly indicated with sufficient clearness in the two opinions of this court. For the vindication of these rights he must resort to appropriate remedies.

We think the costs of the case were properly divided by the court of civil appeals for the reasons stated by that court.