IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 9, 2008

## MICHAEL SMITH v. STATE OF TENNESSEE DEPARTMENT OF CORRECTION

Appeal from the Chancery Court for Davidson County
No. 07-879-III   Ellen Hobbs Lyle, Chancellor

No. M2007-01782-COA-R3-CV - Filed October 2, 2008

This is an appeal of the trial court's dismissal of a petition for writ of certiorari filed by an inmate challenging the result of a prison disciplinary proceeding against him. The trial court dismissed the petition because it was not verified and failed to state that it was the first application for the writ as required by Tenn. Code Ann. § 27-8-106. After careful review, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Michael R. Smith, Sr., Only, Tennessee, *pro se* Appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; and Joshua D. Baker, Assistant Attorney General, Civil Rights and Claims Division, Nashville, Tennessee, for the appellee, Tennessee Department of Correction.

James I. Pentecost and William B. Mauldin, Jackson, Tennessee, for the appellees, Robert Dixon, Stephen Dotson, Yolanda Dotson, Amy Trotter, and Shontell White.

**OPINION**

The petitioner, an inmate at the Tennessee Department of Correction Whiteville Correctional Facility in Whiteville, Tennessee, was found guilty of the disciplinary infraction of refusal to participate. After exhausting his administrative remedies, the petitioner filed an unsworn petition for writ of certiorari in the Chancery Court for Davidson County against the Tennessee Department

of Correction, the Commissioner, and various employees at the Whiteville Facility. The defendants moved for dismissal. The trial court granted the motions and dismissed the petition, finding that the petition was fatally defective in that it was not verified by sworn affidavit and did not state that it was petitioner's first application for the writ of certiorari as required by Tenn. Code Ann. § 27-8-106. The trial court also found that it was not proper to transfer the petition to Hardeman County where the correctional facility was located. The petitioner appeals the trial court's decision.

On appeal, the petitioner argues that the trial court erred by not allowing him to amend his petition and by not transferring the petition to the proper venue. After careful review, we find no error and affirm the decision of the trial court.

We review the trial court's decision de novo, with no presumption of correctness, since it involves purely a question of law. The petition for writ of certiorari did not comply with the pleading requirements of Tenn. Code Ann. § 27-8-106. It was neither sworn to nor contained a statement that it was the first application for the writ as required by Tenn. Code Ann. § 27-8-106. Therefore, the trial court did not have jurisdiction over the petition, and dismissal was proper. *Depew v. King's Inc.*, 276 S.W.2d 728, 729 (Tenn. 1955); *Rhea County v. White*, 43 S.W.2d 375, 378 (Tenn. 1931); *Drainage Dist. No. 4 of Madison County v. Askew*, 196 S.W. 147, 148 (Tenn. 1917); *Bowling v. Tenn. Bd. of Paroles*, M2001-00138-COA-R3-CV, 2002 WL 772695, at *3 (Tenn. Ct. App. M.S., filed Apr. 30, 2002).

The petition argues that the trial court erred by not allowing the petitioner to amend his petition. However, the record contains no indication he filed a motion to amend the petition. The trial court cannot grant relief that is not sought. Errors not raised in the trial court are waived and may not be raised for the first time on appeal. *Cantrell v. Walker Die Casting, Inc.*, 121 S.W.3d 391, 396 (Tenn. Ct. App. 2003); *Heatherly v. Merrimack Mut. Fire Ins. Co.*, 43 S.W.3d 911, 916 (Tenn. Ct. App. 2000).

The petitioner also argues that the trial court erred in not transferring his case to Hardeman County where venue was proper. Although the case was filed in Davidson County, venue was in Hardeman County where the petitioner was incarcerated at the time of the adverse decision. The trial court had the authority, pursuant to Tenn. Code Ann. § 16-1-126, to transfer the case to the county where venue was proper if the trial court found that it was in the interest of justice to do so.

The trial court in this case determined that it was not in the interest of justice to transfer the case to the county where venue was proper. We do not find that the trial court abused its discretion. Because the petition did not comply with the pleading requirements of Tenn. Code Ann. § 27-8-106, neither the trial court in Davidson County nor the trial court with proper venue, Hardeman County, had jurisdiction to act in this case. Transferring the case to Hardeman County would have been a futile act. Accordingly, the trial court properly exercised its discretion in not transferring the case.

The error in this case lies not with the trial court, but with the petitioner in failing to comply with the pleading requirements of Tenn. Code Ann. § 27-8-106.

For the reasons stated herein, the judgment of the trial court is affirmed with all costs taxed to the petitioner, Michael R. Smith.

_____
SHARON G. LEE,  JUDGE