Weiss *v.* McCanless, Com'r of Finance and Taxation.

(*Nashville,* December Term, 1939.)

Opinion filed May 18, 1940.

HARRY PHILLIPS, Assistant Attorney-General, for Mc-Canless, Com'r.

WALKER & HOOKER, of Nashville, for N. C. Weiss, Sr.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

The Commissioner of Finance and Taxation of Tennessee in his petition for writ of *supersedeas* herein avers

that he is aggrieved by a *fiat* granted by a circuit judge of Davidson County and the writ of *supersedeas* issued pursuant thereto, superseding the action of petitioner, as Commissioner, in revoking the retail liquor dealer's license of N. C. Weiss, Sr., doing business in Nashville as Weiss' Liquor Store, such *fiat* and writ having been prayed for in a petition filed by Weiss in the above styled cause, and by the order of the circuit judge overruling petitioner's motion to discharge said writ.

The substance of the case is that prior to April 11, 1940, N. C. Weiss was the holder of a retail liquor dealer's license issued by the Department of Finance and Taxation, under authority of Chapter 49, Public Acts 1939. Under said Act the Commissioner is vested with the power to revoke or suspend licenses for violation of provisions of the Act. The Commissioner issued a citation against Weiss requiring him to show cause why the retail liquor dealer's license previously issued should not be cancelled or suspended because of violation of the provision of section 12, subsection 11, of said Act, which is that "No retailer shall sell or deliver to any person liquors in quantities in excess of one case or three gallons, at one and the same time." Upon the hearing, the Commissioner found Weiss guilty and entered an order that his license "be permanently cancelled, effective at the close of business on April 11, 1940." The order further provided, "That the alcoholic beverages now in the establishment belonging to the said N. C. Weiss, Sr., be disposed of in accordance with state regulations now existing."

Section 14, subsection 8, of the Act in question provides as follows: "The action by the Commissioner in the revocation of a license may be reviewed by appeal to the Circuit Court of Davidson County which appeal shall

be filed within ten (10) days after the order of the Commissioner, and may be prosecuted by any person interested therein, upon execution of a statutory bond, where the case shall be heard de novo. The judgment of the Circuit Court may be reviewed by the Appellate Courts as now provided by law, but said appeal or appeals shall not suspend or supersede the action of the Commissioner until a final judgment by the Court or Courts.

Weiss appealed from the order of the Commissioner revoking his license and directing that his stock of liquor be disposed of, and filed his petition for a writ of *supersedeas* superseding the order of the Commissioner and staying all further proceeding thereon until the order can be reviewed and the evidence heard *de novo*, pursuant to the appeal theretofore prayed and perfected. It was averred in the petition that there was no competent evidence offered before the Commissioner to sustain the charge that petitioner had been guilty of selling and delivering to an individual alcoholic beverages in excess of three gallons at one and the same time; that unless petitioner be granted a *supersedeas*, "to maintain the present status quo of the parties until his appeal from the action of the Commissioner can be heard and delivered by the court, he will suffer great and irreparable damage amounting to the taking and destruction of valuable property rights, contrary to the law of the land." A transcript of the evidence introduced before the Commissioner was filed with the court. The circuit judge granted a *fiat* for the *supersedeas,* as prayed, upon the giving of a bond in the penalty of $250.

The petition of the Commissioner here before us seeks a *supersedeas* to supersede the *supersedeas* granted by the circuit judge.

It is the insistence of the Commissioner that the

provision contained in section 14, subsection 8, of the Act of 1939, providing: "but said appeal or appeals shall not suspend or supersede the action of the Commissioner until a final judgment by the Court or Courts," is an express withholding from the circuit court the jurisdiction to suspend or supersede the action of the Commissioner in revoking a liquor license. We are unable to agree to this contention. The provision of the Act is that the *appeal* shall not suspend or supersede the action of the Commissioner. Except for this provision, the broad appeal allowed would vacate the order appealed from. It was intended by this qualification that the appeal allowed should not so operate. There is nothing in the Act prohibiting a circuit judge from granting his *fiat* for a writ of *supersedeas*.

Section 9926 of the Code, provides as follows: "The supreme court or the court of appeals having jurisdiction, in term, or either of the judges in vacation, may grant writs of *supersedeas* to an interlocutory order or decree, or execution issued thereon, as in case of final decrees, . . ."

It cannot be maintained that the circuit judge was without jurisdiction to grant the interlocutory *supersedeas* in question. This court, or one of its judges in vacation, has jurisdiction to grant writs of *supersedeas* to an interlocutory order or decree, as in case of final decrees, where such orders or decrees, in advance of final hearing, undertakes to deprive the litigant of rights or property, and are of a nature to be actively and affirmatively enforced, and remains unexecuted; but it has no jurisdiction to supersede interlocutory orders of a negative or prohibitory character, or such as are intended to impound and protect property, or such as have been executed. See Shannon's Annotations of the Constitution of

Tennessee, p. 409, note 65, where the above statement of the law is supported by citation of a number of our cases.

■■■■ It is insisted for the Commissioner, that the order of the Commissioner was self-executing, and the case of *McKee* v. *State Board of Elections*, 173 Tenn., 276, 116 S. W. (2d), 1033, 117 S. W. (2d), 755, where it was held that the order of the Board removing McKee and others as Commissioners of Election for Shelby County was final and self-executing and, hence, there was nothing left to be done upon which a *supersedeas* could operate. That case may be distinguished from the instant case in that no appeal was provided by statute from orders of the State Board removing county commissioners; whereas, in the case of a revocation of a liquor license, the right of appeal, with a *de novo* hearing, is expressly given. The order of the Commissioner cannot by any possibility be regarded as "final," in face of the fact that a *de novo* hearing is granted on appeal. During the interval between the appeal and the hearing, there is no statute prohibiting the circuit judge, on a showing of merit satisfactory to him, from granting a *supersedeas* to maintain the status quo until the hearing and disposition of the appeal. A transcript of the evidence introduced before the Commissioner was filed in the case. The circuit judge in the exercise of his sound discretion awarded the writ of *supersedeas*. As said in *Patterson* v. *Butterworth,* 12 Tenn. (4 Yerg.), 158: "The *supersedeas* is not the process by which the suit is prosecuted, but it is collateral to the suit, and only operates to restrain the execution of the judgment below, while the court above has the cause under investigation." Whether or not the circuit judge was in error in granting the *supersedeas,* on the facts disclosed in the application therefor, is not a matter for consideration on the appli-

cation to supersede it by writ of this court. *Supersedeas* does not operate as an appeal or writ of error to bring the cause into this court. *McMinnville, etc., R. Co.* v. *Huggins*, 47 Tenn. (7 Cold.), 217.

The order of the Commissioner not only revoked the license in question but further provided that liquor in the establishment belonging to Weiss, Sr., "be disposed of in accordance with state regulations now existing." What these regulations are is not shown in the record. To hold that the circuit judge could not supersede this order, on a petition considered by him as showing merit, would, in effect, nullify Weiss' appeal. After his stock of goods was disposed of by the Commissioner, his appeal would be largely bootless.

*Supersedeas* denied.