# UNITED STATES *v.* HEINZE, NO. 2.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR
THE SOUTHERN DISTRICT OF NEW YORK.

No. 671.    Argued November 3, 1910.—Decided December 5, 1910.

*United States* v. *Heinze, ante,* p. 532, followed as to sufficiency of in-
dictment charging an officer of a national bank with violating the
provisions of § 5209, Rev. Stat., and as to· the jurisdiction of this
court under the act of March 2, 1907, c. 2564, 34 Stat. 1246.

If the decision of the Circuit Court quashing an indictment is based
upon invalidity or construction of the statute upon which the in-
dictment is founded, an appeal lies to this court under the act of
March 2, 1907, even if the motion to quash be granted as an exer-
cise of the discretion of the court.

THE facts, which involve the validity of an indictment
for misapplication of funds of a national bank, are stated
in the opinion.

*Mr. Assistant Attorney-General Fowler* for the United
States.

*Mr. John C. Tomlinson* and *Mr. Aldis B. Browne,* with
whom *Mr. John B. Stanchfield* was on the brief, for de-
fendant in error:

The trial court dismissed counts numbered 1–7 in the
exercise of its· discretion.   Its action is, therefore, not
reviewable here under the act of March 2, 1907. The
act of March 2, 1907, as it is explained in *United States*
v. *Keitel,* 211 U. S. 370, gives this court authority to re-
view the decision below, only provided that decision was
based upon the construction of a statute.

The decision of the court below did not involve a dis-
cussion of § 5209, Rev. Stat., but if the decision be re-

garded as construing that section and as basing its decision upon such construction, the construction was correct. The insertion of the words "converting" and "converted" did not strengthen them.

The act of March 2, 1907, is not applicable to this case.

MR. JUSTICE McKENNA delivered the opinion of the court.

This case is brought here under the act of March 2, 1907, c. 2564 (34 Stat. 1246), and was advanced to be heard with and was heard with No. 380, just decided.

It involves substantially the same questions as No. 380. The indictment consists of fourteen counts, seven numbered and seven numbered and lettered. The court quashed the numbered counts, and its action as to six of them this writ of error is prosecuted to review.

. The Circuit Court in its opinion expressed the similarity of this case and No. 380 as follows:

"From an examination of them which I recently made it appears, or would appear to me, that six out of the seven numbered counts in the indictment of 1910 there is exactly the same story as was contained in the corresponding number of counts in the indictment of 1909, with this difference: that the transaction which was said to have been evidenced by a demand note of 1909 is called in 1910 a demand loan, and it is then asserted, after stating the same facts in substance as those set forth in 1909, that there was a conversion."

And the view was expressed that if the indictment "had stopped there it might be good on demurrer." But special words followed, it was said, which defeated this effect, and made the statements of the indictment the same as the "corresponding statements of 1909, except that they have a label put on them and they are called 'conversion.'" And finding no "magic" in that word, the court further said, "the allegations set forth specially" did "not, even

*prima facie*, amount to a conversion." And that calling them such did not "help the matter."

We might assume the identity of the questions in the cases on this statement and rest the decision of this case on the opinion in No. 380, but it may be well to examine the indictment. The averment is that Heinze, with the intent to injure the Mercantile National Bank, did willfully misapply $60,000 of its moneys, funds and credits, "by unlawfully, knowingly, fraudulently and willfully, and not for any use, benefit or advantage of the said banking association, converting and applying the said moneys, funds and credits to the use, benefit and advantage of certain persons . . ." which said conversion and application of the said moneys, &c., were then and there accomplished by him by virtue of his power as president over such moneys, &c., and that he, at the time and place, and with the intent and to the use mentioned, willfully applied the said sum "to the making of a certain demand loan" to Otto Heinze & Co., "and which said loan, when so made as aforesaid, was not then and there well secured, which fact he . . . then and there well knew;" and did cause the proceeds of said loan to be paid out of the moneys, &c., of the bank, "and applied and converted to the use and benefit" of that firm, whereby the sum of $60,000 "then and there was wholly lost to the bank, and that its moneys, &c., were and are depleted in that amount."

Stripped of its repetitions, it charges that Heinze used his power and control as president of the bank to lend the sum of $60,000 of its moneys to Otto Heinze & Co. without taking any security whatever for it, and that this was done, not for the use of the bank, but for the use of such firm, and with the intent to defraud the bank and to convert and apply that sum to the use, benefit and advantage of such firm. And it is averred that it was wholly lost to the bank.

The other numbered counts contain the same allega-
tions as count 1, except that they relate to different trans-
actions, and with like exception the subsequent lettered
counts relate to the same transactions as count 1 A. The
latter count relates to the same transaction as count 1,
except it alleges that the misapplication was for the ben-
efit of Fritz Augustus Heinze and Otto Heinze & Co.,
while in the first count it is alleged that the misapplication
was alone for the benefit of Otto Heinze & Co., and with
the further exception that the inducement and purpose
of the loan is set out with a detail of circumstances.

It is insisted, as it was in No. 380, that this court has
not the right of review of the order of the Circuit Court,
because it only passed upon the sufficiency of the indict-
ment and did not construe the statute. Upon what ground
the court proceeded is not very clear. As we have seen,
the court said that in the six counts passed upon "there
is exactly the same story as was contained in the corre-
sponding number of counts in the indictment of 1909,"
the only difference being that in the indictment now under
consideration the statements "have a label put on them,
and they are called 'conversion.'" The court found no
"magic" in the word, and said that "the allegations set
forth specially did not even *prima facie* amount to a con-
version." The question naturally occurs, why the court
thought so? And the answer must be from the concep-
tion it had of the requirements of the statute which it
expressed when passing on the indictment of 1909, and
which we considered in No. 380. In other words, that
the counts had the same defect which the indictment
of 1909 had, and the motion to quash was granted as to
them for the same reason which the court gave in passing
on the indictment of 1909. This court, therefore, has
jurisdiction.

It is further contended that the Circuit Court granted
the motion to quash in the exercise of its discretion, and,

therefore, its action is not reviewable under the act of March 2, 1907. The contention is untenable. The act of March 2, 1907, expressly provides that a writ of error may be taken by the United States "from a decision or judgment . . . quashing any indictment, or any count thereof, where such decision or judgment is based upon the invalidity or construction of the statute upon which the indictment is founded." *United States* v. *Stevenson,* 215 U. S. 190. And we have pointed out the decision of the Circuit Court in this case was so based.

On the merits the case is determined by the opinion in No. 380, *ante,* p. 532.

*Reversed and remanded for further proceedings in conformity with this opinion.*