REAL ESTATE COMMISSION, OF STATE OF TENNESSEE,
Plaintiff in Error,

*v.*

J. T. McLEMORE, Defendant in Error.

(*Nashville,* December Term, 1956.)

Opinion filed July 29, 1957.

On Petition for Rehearing October 4, 1957.

James M. Swiggart, Assistant Attorney General, Nashville, for plaintiff.

W. C. Rodgers and A. E. Horn, Memphis, for defendant.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

This case is here on a petition for a writ of error to the Circuit Court of Shelby County upon the technical record. J. T. McLemore was cited to appear before said Real Estate Commission on charges of violating certain sub-sections of T.C.A. sec. 62-1324 to determine whether his license as a real estate broker should be revoked. A hearing was had, his license was revoked, he filed a petition for *certiorari* to the Circuit Court, to which a demurrer was filed and overruled, and on a hearing in the Circuit Court the order of the Commission was set aside and held for naught and the license of said J. T. McLemore was restored to him with full force and effect. Hence this petition for writ of error.

Counsel for the respective parties have raised many questions and cited authorities in support thereof in their briefs, but we do not find it necessary to go into the same at length.

We think the petition was insufficient for the issuance of a writ of *certiorari* either at common law or under the statute. For the purpose of disposition of the case the pertinent parts of the petition are as follows:

"That on the 13th day of April, 1956, he appeared before the Tennessee Real Estate Commission at the Courthouse, to show cause, if any he had, why his real estate license should not be revoked. At that time, he

advised the commission that he desired to have counsel and he believed that he had employed A. E. Horn to represent him, but in that he was mistaken. That A. E. Horn had not formally accepted the representation, and for that reason, had made arrangements to be engaged elsewhere in other legal matters. That at the conclusion of the hearing, your Petitioner was advised that he would have thirty (30) days within which to present any proof which he cared to offer in his behalf, and that his attorney notified the Honorable James M. Swiggart that he would like to take some depositions at Memphis, the 27th day of May, 1956. This was the day Mr. Swiggart was to be in Memphis on some other matters. That on the 27th day of May, 1956, when Mr. Swiggart could not be located anywhere in Memphis, your petitioner's Attorney called Mr. Swiggart on long distance, and was advised that Mr. Swiggart would not be in Memphis, and the Commission had instruction to inform your Petitioner that he would not be afforded the opportunity of introducing additional proof to show cause why the license of this Petitioner should not be suspended.

"That on or about the 8th day of June, 1956, your Petitioner was sent an order revoking his license. A copy of said order is hereto attached and marked Exhibit 'A', but need not be copied.

"Petitioner would further show that he has not been guilty of any of the specifications charged against him. That he has always tried to demean himself in a proper and lawful manner. That if he has at any time made an error, he was, and is always ready to make correction of any error which he was charged with

having made, and whenever there was a doubt as to whether or not he was right or wrong, all benefits of doubt were resolved in favor of the person against whom the error was made.''

The prayer of the bill is in substance for the issuance of a writ of *certiorari* and *supersedeas* and that the cause be retried in the Circuit Court of Shelby County.

It will be noted first, that the petition discloses on its face that McLemore did not present his proof within the 30 days allowed and there is nothing in the petition otherwise to show that the Board entered any additional order extending the time beyond said 30 days; the petition does not even allege that James M. Swiggart agreed to take depositions beyond the 30 days, but even so, such an agreement would not be binding upon the Commission in the absence of an order of the Commission reflecting that additional extension of time.

There does not appear elsewhere in the petition, either in express words or by implication of language, the allegation that the Real Estate Commission was acting illegally or in excess of its jurisdiction. Hence it is clear that the petition was insufficient to serve as a predicate for the issuance of a common law *certiorari*. T.C.A. sec. 27-801. See generally the authorities reviewed in *Hoover Motor Express v. Railroad & Public Utilities Comm.*, 195 Tenn. 593, 599 et seq., 261 S.W.2d 233.

Insofar as the petition seeks a trial *de novo* under T.C.A. sec. 27-802 in the Circuit Court, all other questions aside, the petition is unsufficient for the issuance of the statutory writ of *certiorari* for the reason that, other than a statement that he is not guilty of any of the

charges against him, the petition does not contain a statement of any facts or circumstances which at the very least would show a probability of innocence, upon which the Circuit Judge might have exercised his discretion in the issuance of the writ.

This question is fully covered and disposed of adversely to McLemore in *Rhea County v. White,* 163 Tenn. 388, 398 et seq., 43 S.W.2d 375.

■ The petition does allege that no right of appeal existed and that *certiorari* was his only remedy under T.C.A. secs. 27-902 and 27-903. However, it has been repeatedly held that these sections, which originated with the Code of 1932, as section 9008 et seq., do not destroy the distinction between a common law writ of *certiorari* and the statutory writ and that they do not operate to enlarge the scope of review under either form of the writ. *Hoover Motor Express v. Railroad & Public Utilities Comm., supra,* 195 Tenn. at page 600, 261 S.W.2d 233.

The judgment of the Circuit Court is, accordingly, reversed with instructions to remand said cause to the said Real Estate Commission for the enforcement of its order.

## On Petition to Rehear.

The petition to rehear contains two propositions. The first is that the Court has erroneously adopted as the criterion of its decision the most rigid strictures of common law and statutory *certiorari,* T.C.A. secs. 27-801, 27-802, overlooking the terms of T.C.A. sec. 62-1326 providing for *certiorari* as a matter of right as a substitute for an appeal and designating Chapter 9, Title 27, secs. _*-901, 27-902 et seq.; it is insisted that the right to *certi-*

*orari* is not dependent upon the requirements of the common law or statutory *certiorari, supra,* but that the complaining party is entitled to it merely because he is dissatisfied with the result of the hearing before the Board or a Commission.

We think this is a re-argument of the matter that was covered in the original opinion and we refer thereto as our response now.

Counsel insists that his contention stated above is necessarily so because the Real Estate Commission is expressly declared to be a judicial body, that is, a Court and that it cannot be a Court without a right of appeal from its judgment, for this would transcend the prohibitions of both State and National Constitutions.

We do not think that is a correct statement of law. The right of appeal is not fixed by our Constitution further than to insure that the Supreme Court shall have the right of supervisory review over all inferior tribunals. Every man has a right to his day in Court, that is to have a hearing after due notice, but it by no means follows that he has a right to have the first hearing reviewed by a higher Court. This question has been answered by the United States Supreme Court in several ways. In *Ex parte Abdu,* 247 U.S. 27, 38 S.Ct. 447, 448, 62 L.Ed. 966, at page 968, said the Court:

"The error results from disregarding the broad distinction which exists between the right to be heard in courts of justice on the one hand and the necessity for the grant of authority on the other to review the results of such hearing by proceedings in error or appeal."

Again, in *Reetz v. Michigan,* 188 U.S. 505, 23 S.Ct. 390, 392, 47 L.Ed. 563, it was said:

"Neither is the right of appeal essential to due process."

This was reaffirmed in *United States v. Heinze,* 218 U.S. 547, 31 S.Ct. 102, 54 L.Ed. 1145.

Again in *Pittsburgh, C. C. & St. L. R. Co. v. Backus,* 154 U.S. 421, 439, 14 S.Ct. 1114, 1117, 38 L.Ed. 1031, it was said:

"If a single hearing is not due process, doubting it will not make it so."

Then see Judge Green's opinion in *McKee v. Board of Elections,* 173 Tenn. 269, 117 S.W.2d 752.

In sum, if no appeal is provided for, then a person is entitled to avail himself of either the common law *certiorari* or the statutory, whichever may suit his needs.

The second proposition is that petitioner was depending on his attorney, as he had a right to do, and he should not be held responsible for the shortcomings, failures or derelictions, if any, of said attorney when the party himself was not at fault.

If counsel will read pages 521 and 522 of the case of *Mitchell v. Porter,* 26 Tenn.App. 498, 173 S.W.2d 443, at pages 452 and 453, it will no doubt make it clear why we do not think that either the petitioner or his counsel was free of fault. See also, 5 Am.Jur., 305, sec. 78.

We are, therefore, constrained to overrule the petition to rehear.