**Scott N. BROWN, Appellee,**

v.

**TENNESSEE REAL ESTATE COM-MISSION, Appellant.**

Court of Appeals of Tennessee,
Middle Section.

July 28, 1972.

Certiorari Denied by Supreme Court
April 2, 1973.

David M. Pack, Atty. Gen., State of Tennessee, Everett H. Falk, Asst. Atty. Gen., State of Tennessee, Nashville, for appellant.

Paul W. Sorrick, Jr., Sorrick & Guthrie, Chattanooga, for appellee.

## OPINION

SHRIVER, Presiding Judge.

This is an appeal by the Tennessee Real Estate Commission from a decree of the Chancery Court of Davidson County wherein it was held that the Commission acted arbitrarily and illegally in denying the appellee, Scott N. Brown, reinstatement of his real estate broker's license and

which decree ordered the Commission to reinstate appellee's license. The parties will be referred to hereinafter as "Petitioner" and "Respondent", as they appeared in the Court below wherein Scott N. Brown was petitioner and Tennessee Real Estate Commission, respondent.

The petition for certiorari filed in the Chancery Court sought a review of the orders of the Tennessee Real Estate Commission denying the issuance of a real estate broker's license to the petitioner. The writ of certiorari was issued October 20, 1970 and in response thereto the Commission filed the record of the proceedings before it.

The matter came on to be heard on October 6, 1971 before the Honorable Frank F. Drowota, III, Chancellor, who after a review of the record of the proceedings before the Commission and evidence adduced at the hearing before him, entered a decree to the effect that the Commission acted arbitrarily and illegally in denying the petitioner a real estate broker's license and ordered the Commission to reinstate said license. However, the Chancellor did not make a finding of fact and reduce same to writing along with his conclusions of law, as directed by the statute, 27–911, T.C.A.

From the foregoing decree, the respondent appealed and has assigned errors.

## ASSIGNMENTS OF ERROR

There are two assignments of error, as follows:

"1. The Chancellor erred in finding that the Commission acted arbitrarily and illegally in denying the petitioner a real estate broker's license when there was material evidence in the record and in the additional testimony at the trial to support the action of the Commission.

2. The Chancellor erred in weighing evidence under the common law writ of certiorari to determine whether the Commission acted arbitrarily, illegally or in excess of its jurisdiction when there was material evidence in the record to support the action of the Commission."

The record reveals that petitioner, Scott N. Brown, was a licensed real estate broker and a former member of the Tennessee Real Estate Commission. He was an experienced real estate broker, having pursued that vocation beginning in the year 1933.

Petitioner was active in the organization of several companies, including Real Estate Management, Inc., serving as its President, Treasurer and Board Chairman until 1962 when said corporation became insolvent and went into bankruptcy. It appears that several other companies in which petitioner was either the sole or the majority stockholder were involved in this bankruptcy proceeding.

In addition to the bankruptcy of the companies in which petitioner was involved, he encountered other serious legal difficulties which resulted in three separate criminal prosecutions.

These matters which are in the record as part of the proceedings before the Tennessee Real Estate Commission concerning the application for the reinstatement of petitioner's license show that petitioner, Scott N. Brown, was indicted by the Grand Jury of Hamilton County, Tennessee on a charge of fraudulent breach of trust and violation of the Trust Receipts Law in November, 1962.

It is shown that petitioner was also indicted by a Federal Grand jury on June 28, 1963 on twenty grounds of mail fraud.

After these indictments were returned, he severed his relationship with Real Estate Management, Inc., and resigned as a member of the Tennessee Real Estate Commission and, at the same time, surrendered his real estate broker's license. However, he requested and was granted a reissuance of said license for the remainder of the year 1962, but was denied a renewal thereof at a meeting of the Commission on January 9, 1963.

Petitioner was tried and convicted in separate jury trials of each of the crimes for which he was indicted and his convictions in the State Court were upheld by the Tennessee Supreme Court, and his conviction in Federal Court was affirmed by the United States Court of Appeals for the Sixth Circuit.

It appears that petitioner served twenty-one months in the State Penitentiary during 1965 and 1966 until September 2, 1966, at which time his sentences were commuted by the Governor to the time served.

After his release from the Penitentiary, petitioner applied to the Circuit Court of Hamilton County for restoration of his citizenship, which was granted by decree on March 19, 1969. Thereafter, he applied for reinstatement of his real estate broker's license, which application was refused by the Commission at a meeting on January 19, 1970, following which, by letter of February 2, 1970, the petitioner was advised that the Commission would hear evidence as to the petitioner's honesty, truthfulness, integrity and competency, and such hearing was held on April 2, 1970, at which meeting petitioner personally appeared and was represented by counsel. At this hearing evidence was adduced on behalf of the Commission concerning petitioner's criminal convictions and copies of the indictments, judgment of convictions, and opinions of the Appellate Courts affirming those convictions were introduced and put in the record.

Twenty-one character witnesses, including attorneys, accountants, ministers and real estate brokers, appeared on behalf of the petitioner, testifying as to his good reputation and as to his honesty, truthfulness and competency. In addition thereto, certain letters and documents were also introduced on behalf of the petitioner and he testified on his own behalf at the hearing.

Following the foregoing hearing, the Commission entered an order and a supplemental order denying the application for reinstatement of petitioner's license.

The supplemental order of the Commission recites that, pursuant to its duty to pass on the qualifications of a proposed real estate broker and having in mind the public interest involved, it was of opinion and so held that the issuance of a license to Mr. Brown must be denied. In part, the order of the Commission states:

"The standard of conduct of one occupying this position [real estate broker] . . . must be above reproach. The petitioner herein not only breached this higher standard, but engaged in activities which three separate juries deemed to be of such gravity as to find the petitioner guilty of violating statutes which impose criminal sanctions. Relative to the public interest to which this Commission must direct itself, it is of more significance that these offenses involve breaches of fiduciary relationships. Such relationships are the very essence of all dealings between real estate brokers and their clients.

The Commission finds that the petitioner is not a suitable person to exercise the privileges granted to a licensed real estate broker. . . ."

## OUR CONCLUSIONS

It is important to clarify the scope of review of the Chancery Court on petition for certiorari to a Board or Commission such as the respondent here.

There has been confusion in the minds of some of the Courts and members of the Bar concerning this question. In the instant case it is the position of counsel for the petitioner that under Section 27–911, T.C.A., it was the duty of the Chancellor to hear the case on the record of the hearing before the Commission and upon such additional evidence as either party desired to introduce, giving effect to the language of the statute which states:

"The chancellor shall reduce his findings of fact and conclusions of law to writing and make them parts of the

record. In making such findings of fact the chancellor shall weigh the evidence and determine the facts by the preponderance of the proof."

It is argued that it was, therefore, the duty of the Court to determine from a preponderance of the evidence whether the petitioner was entitled to a renewal of his real estate broker's license, considering the evidence in the transcript of the record of the hearing before the Commission as well as the evidence introduced before the Chancellor.

On the other hand, it is contended by counsel for the Commission that, while the hearing before the Chancellor involved a review of the record of the hearing before the Commission and such additional evidence as was introduced before the Chancellor, his only duty was to determine whether or not the Commission exceeded its jurisdiction or acted arbitrarily, illegally or fraudulently in denying the issuance of the license to the petitioner and it was not a trial de novo of petitioner's right to the issuance or renewal of his license.

In other words, it is the contention of counsel for the Commission that we are dealing here with a common law writ of certiorari and the rules governing same.

■ We are in agreement with the position taken by counsel for the Commission.

It is to be noted that 27–801, T.C.A., provides for the issuance of certiorari "in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy.

Much has been said in our cases about Certiorari, as in Rhea County v. White, 163 Tenn. 388, 43 S.W.2d 375, where it was asserted that the legislative and judicial history of the State manifests a strong purpose not to curtail the right of review by Certiorari by the exercise of judicial power by inferior judicial and quasi-judicial tribunals. And in Real Estate Commission v. McLemore, 202 Tenn. 540, 306 S.W.2d 683, it was held that the petition for certiorari to review an order of the Commission was insufficient where it was not made to appear that the Commission was acting illegally or in excess of its jurisdiction and that the broker was not entitled to a review of the proceedings of the Commission on the ground that the Commission was a judicial body. And again, see Boyce v. Williams, 215 Tenn. 704, 389 S.W.2d 272, wherein it was held that the Insurance Commissioner's action in approving a merger agreement between certain insurance companies was not reviewable by the Statutory Writ of Certiorari.

In Hoover Motor Express Co. v. R. R. & Public Utilities Commission, 195 Tenn. 593, 261 S.W.2d 233, in an exhaustive opinion by the late Mr. Justice Gailor, the Court undertook to, and did, in fact, clarify the distinctions between the Statutory and the Common Law Writs of Certiorari. In said case, which has been consistently followed by the Courts since its rendition in 1952, it is made abundantly clear that cases such as the case at bar are reviewable under the Common Law Writ of Certiorari and the question to be determined by the Chancellor and by this Court is whether or not there is material and substantial evidence to support the order of the Commission and, if there is, said order will not be disturbed by the Courts.

In other words, the question reduces itself to a determination whether the Commission acted illegally, arbitrarily, fraudulently, or beyond its jurisdiction. The Opinion in *Hoover, supra*, states that the Common Law Writ of Certiorari does not bring up for determination any question except the question whether the inferior board or tribunal exceeded its jurisdiction or acted illegally, arbitrarily or fraudulently. And it is pointed out that, under the statute providing for additional evidence to be introduced in the Court granting the writ, such evidence is limited to the ques-

tion presented, namely, whether the Board or Commission has exceeded its jurisdiction or acted fraudulently, illegally or arbitrarily.

The Court held:

"Whether there is any material evidence to support [the] finding and order of [the] Railroad and Public Utilities Commission is a matter of law for the court upon review, and to ascertain whether there is such evidence is the limited purpose for which evidence introduced before the commission is admissible in [the] court granting [the] writ of common law certiorari."

It is also held that in such a proceeding on certiorari where the statute provides for a finding of fact by the Chancellor and specifying that he shall weigh the evidence and determine the facts by a preponderance of the proof, must be construed as only requiring the Chancellor to review the evidence and to determine by a preponderance thereof whether the Commission had acted beyond its jurisdiction, arbitrarily, fraudulently or illegally, and does not authorize the cancellation of a Commission's order on the ground that the evidence preponderates against the finding of the Commission.

Significantly, in *Hoover, supra,* the Court went on to hold:

"If the statutory amendment providing that in making findings of fact, the chancellor shall weigh evidence and determine facts by a preponderance of the proof, were to be construed as imposing on the chancellor, on review of grant of certificate of convenience and necessity by the Railroad and Public Utilities Commission, a hearing on appeal, or on a certiorari in lieu of an appeal, such construction would render the amendment unconstitutional, since the Railroad and Public Utilities Commission is not a court."

It must be remembered that statutory certiorari was designed chiefly to apply to cases wherein there was the right of appeal from a lower court or tribunal but which right was lost by reason of circumstances which exonerated the petitioner from neglect or failure to exercise his right of appeal through his own fault and where justice and equity demanded that he be given his right of review.

In the case at bar it cannot be successfully argued that there was no material evidence before the Real Estate Commission and the Chancellor to support the finding of the Commission, in view of the fact that the prior convictions of the petitioner in both the State and Federal Courts for felonies involving breach of trust and other fiduciary relationships were and are in the record.

The testimony of character witnesses expressing their respective opinions as to the character and competency of the petitioner merely goes to the weight of the evidence and is not sufficient in any case to compel the conclusion that the denial of the issuance or renewal of the license of the broker was arbitrary, illegal, or beyond the scope of the Commission charged with the duty of passing upon the qualifications of applicants for a license.

The arguments made by counsel for petitioner with respect to the refusal of the Commission to renew petitioner's license back in 1963, and the argument that the action of the Circuit Court in restoring petitioner's citizenship after his incarceration in the Penitentiary, is res judicata on the question of his good character and, finally, the argument that, because the Commissioner of Insurance of Tennessee renewed his license as an insurance broker was binding upon the Real Estate Commission and compelled the issuance of a real estate license, are all without persuasive force and effect in the case at bar.

From all of the foregoing, it results that the assignments of error are sustained and

the judgment of the Chancellor is reversed, and the action of the Real Estate Commission in refusing to renew petitioner's real estate broker's license is sustained, all at the cost of the petitioner.

Reversed.

PURYEAR and TODD, JJ., concur.