Joseph Edward (Joe Bob) BURNS, Plaintiff/Appellee,

v.

James S. JOHNSON, Chief of Police; Dave Fisher, Mayor Chairman; Henry Taylor; Charles (Bud) Beasley: Dr. J. R. Quarles: Ron Deberry: Jerry Oakley: Personnel Board, all of the City of Springfield, Defendants/Appellants.

Court of Appeals of Tennessee, Middle Section, at Nashville.

May 18, 1982.

Application for Permission to Appeal Denied by Supreme Court July 19, 1982.

442

James E. Walton, Springfield, for defendants/appellants.

J. Travis Price, Springfield, for plaintiff/appellee.

TOMLIN, Judge.

The defendants, comprising the Personnel Board of the City of Springfield, have appealed to this Court from a decree of the Circuit Court of Robertson County, whereby that court, following a hearing held pursuant to plaintiff's petition for common law certiorari, reversed the order of the Personnel Board that called for the discharge of the plaintiff from the Springfield Police Department. Defendant's appeal presents two issues for review: (1) that the trial court was in error as a matter of law in applying a broader scope of review than that called for by the common law writ of certiorari; and (2) that the trial court was in error in failing to find that there was material evidence to support the decision of the Personnel Board. This Court is of the opinion that the trial court erred on both counts, and reverses the trial court for the reasons set forth in this opinion.

## I. SCOPE OF REVIEW.

There is no doubt that the method of review of proceedings involving certain public officials is as prescribed in T.C.A. Sec. 27–9–114. This is by common law writ of certiorari. In the court below, the trial judge reviewed the proceedings before the Personnel Board of Springfield. In his decree reversing the Personnel Board, the trial court stated: "... The Court is of the opinion that the City's action in this case, and the decision of the Personnel Board in affirming the City's action is severe and unjustified, and deprives the Petitioner of his vested rights without sufficient justification, ... "

In the case of *Watts v. Civil Service Board for Columbia*, 606 S.W.2d 274, 276–277 (Tenn.1980), Special Justice Brooks McLemore, speaking for the Supreme Court, fully explained the scope of review in the trial courts as follows:

The parties concede, and we hold, that the scope of court review of the action by the Civil Service Board is that afforded by the common law writ of certiorari. T.C.A. § 27–914.

The scope of this review is properly set forth in the Court of Appeals' opinion as follows:

"In such actions the reviewing court is limited to inquiry as to whether the administrative agency acted fraudulently, illegally or arbitrarily. *Hoover Motor Express Company v. Railroad and Public Utilities Commission*, 195 Tenn. 593, 261 S.W.2d 233 (1953).

. . . . .

Under the common law writ of certiorari, questions of law only will be reviewed by the courts. An action of an administrative agency which is not supported by any evidence is arbitrary and void and may be quashed on common law writ of certiorari. Whether or not there is any material evidence to support the action of the agency is a question of law to be decided by the review-

ing court upon an examination of the evidence introduced before the agency. Any additional evidence offered to the reviewing court is limited to the question of whether the agency exceeded its jurisdiction or acted fraudulently, illegally or arbitrarily. *Hoover Motor Express Co., Inc. v. Railroad & Public Utilities Commission*, 195 Tenn. 593, 261 S.W.2d 233 (1953). *People's Bank of Van Leer v. Bryan*, 55 Tenn.App. 166, 397 S.W.2d 400 [401]; *Bayside Warehouse Co. v. Memphis*, 63 Tenn. App. 268, 470 S.W.2d 375; *Brown v. Tenn. Real Estate Comm.*, Tenn.App. 1972, 494 S.W.2d 506, cert. den. 414 U.S. 877, 94 S.Ct. 54, 38 L.Ed.2d 122."

In the trial court, under the common law writ, reversal or modification of the action of the Civil Service Board may be had only when the trial court finds that the Board has acted in violation of constitutional or statutory provisions or in excess of its own statutory authority; *has followed unlawful procedure* or been guilty of arbitrary or capricious action; or has acted without material evidence to support its decision. *The trial court does not weigh the evidence.* The scope of review by the appellate courts is no broader or more comprehensive than that of the trial court with respect to evidence presented before the Board.

This Court had the opportunity to reassert these principles in the case of *Gene Barksdale, Sheriff of Shelby County v. Shelby County Civil Service Merit Board, et al.*, in an opinion by Judge Summers for the Western Section, filed March 31, 1982.

 We are of the opinion that the above language from the decree of the trial court, to the effect that the "City's action is severe and unjustified," and that the petitioner's rights were deprived "without sufficient justification," indicates without any question that the trial court undertook to weigh the evidence found in the transcript of the hearing before the Personnel Board, rather than apply the accepted standard of review. In a proceeding such as this, it is not the prerogative of the trial court to substitute its judgment for the judgment of the Personnel Board. The trial court can review the evidence found in the transcript solely for the purpose of determining whether there is any material evidence to support the action of the board. If there is, the trial court may not disturb the board's action.

## II. ANY MATERIAL EVIDENCE.

 As stated in *Watts*, the scope of review of this Court is no broader than that of the trial court with respect to the evidence before the Personnel Board. Therefore, we must examine the evidence in the record to determine whether or not there is any material evidence to support the action of the Personnel Board in discharging the plaintiff. We have done so.

Plaintiff admits that on May 4, 1980, while acting as night dispatcher, he may have fallen asleep and failed to answer incoming calls to the Police Department. However, he attempted to explain this away by stating that certain medication he was taking caused him to be drowsy. Nonetheless, he did not challenge a seven-day suspension for this incident. Following the May 18, 1980 incident, plaintiff was suspended another 30 days for an occurrence in which drinking and carrying a loaded gun were involved. This was not challenged. Some five months later, when he was admittedly drinking heavily, he was arrested and booked for public drunkenness, although he was subsequently acquitted of that offense.

We find that there was ample material evidence before the Personnel Board of the City of Springfield to render their decision. It follows that the decree of the trial court is reversed, and the petition of the plaintiff is dismissed. The decision of the Personnel Board of the City of Springfield is reinstated, and all costs, including the costs in this Court, are taxed against the plaintiff, for which execution may issue, if necessary.

TOMLIN, MATHERNE and NEARN, JJ., concur.