**298**

Victor H. AUSTIN, Plaintiff–Appellant,

v.

SHELBY COUNTY GOVERNMENT,
REGISTER'S OFFICE,
Defendant–Appellee.

Court of Appeals of Tennessee,
Western Section, at Jackson.

May 2, 1988.

Application for Permission to Appeal
Denied by Supreme Court
July 18, 1988.

Harold D. Archibald, Memphis, for plaintiff-appellant.

Dedrick Brittenum, Jr., Asst. County Atty., for defendant-appellee.

CRAWFORD, Judge.

This appeal is to review the order of the Chancery Court which reversed the ruling of the Shelby County Civil Service Merit Board.

Appellant, Victor H. Austin, an employee of the Shelby County Register's Office from February 1, 1981, was discharged for insubordination by the Register, Guy Bates, on October 28, 1986. Austin appealed his discharge to the Shelby County Civil Service Merit Board. After a lengthy evidentiary hearing, the Board found that Austin was guilty of insubordination, but that discharge from employment was too severe under the circumstances. The Board thereupon reinstated Austin and modified the punishment to 90 days suspension without pay and six months probation.

Upon petition by the county, the Chancery Court issued a writ of certiorari to review the action of the Board. The Chancery Court found that the record supported the finding by the Board that Austin was guilty of insubordination, but further found that the Board's action in reinstating him was arbitrary and capricious. Based on this finding, he reversed the ruling of the Board. Austin appeals, and the only issue presented for review is whether the Chancery Court erred in reversing the decision of the Shelby County Civil Service Merit Board.

Austin's dismissal resulted from an incident which occurred in the Shelby County Register's Office during business hours, and arose from a violation of the dress code established for the Register's Office.

The dress code required that men wear a shirt and tie with the collar properly buttoned and the tie pulled up. Austin had been cleaning out a closet and because of the heat had unbuttoned his top button and loosened his tie. When he finished his work in the storage area, he returned to the public office area with his tie still loosened.

Guy Bates, the Shelby County Register, testified that he had observed, earlier the same day, Austin's loose tie and had reminded him to button the collar and pull up his tie. Bates stated that when Austin returned to the public office area with his tie still loose, he asked Austin to button his collar and pull up his tie. Bates testified that when he asked Austin to do this, Austin lost his self control, screamed at Bates that he was crazy, yanked his neck tie down further in a defiant manner and advanced in a menacing manner toward him. Bates then told Austin that he should leave the office and that his employment was terminated. Bates' testimony was corroborated by testimony of other employees in the office.

Austin denies that he acted as Bates testified, but says that he simply asked Bates not to "treat him like a dog" and to offer him a "little respect." Austin asserts that Bates was yelling in a loud and menacing manner toward him. Austin's testimony was corroborated by testimony of other employees of the office.

The record also contains Austin's personnel record which shows that Austin received an oral reprimand in September, 1984, and written reprimands on both February 11 and July 15, 1986.

The review of the Board's action by the Chancery Court is by common law writ of certiorari. T.C.A. § 27–9–114 (1980). The scope of this review is set out in *Watts v. Civil Service Board for Columbia,* 606 S.W.2d 274 (Tenn.1980) *cert. denied* 450 U.S. 983, 101 S.Ct. 1519, 67 L.Ed.2d 818 (1981) where the Court said:

"Under the common law writ of certiorari, questions of law only will be reviewed by the courts. An action of an administrative agency which is not supported by any evidence is arbitrary and void and may be quashed on common law writ of certiorari. Whether or not there is any material evidence to support the action of the agency is a question of law to be decided by the reviewing court upon an examination of the evidence introduced before the agency. Any additional evidence offered to the reviewing court is limited to the question of whether the agency exceeded its jurisdiction or acted fraudulently, illegally or arbitrarily. *Hoover Motor Express Co., Inc. v. Railroad & Public Utilities Commission,* 195 Tenn. 593, 261 S.W.2d 233 (1953). *People's Bank of Van Leer v. Bryan,* 55 Tenn.App. 166, 397 S.W.2d 400[401]; *Bayside Warehouse Co. v. Memphis,* 63 Tenn.App. 268, 470 S.W.2d 375; *Brown v. Tenn. Real Estate Comm.,* Tenn.App. 1972, 494 S.W.2d 506, cert. den. 414 U.S. 877, 94 S.Ct. 54, 38 L.Ed.2d 122."

In the trial court, under the common law writ, reversal or modification of the action of the Civil Service Board may be had only when the trial court finds that the Board has acted in violation of constitutional or statutory provisions or in excess of its own statutory authority; has followed unlawful procedure or been guilty of arbitrary or capricious action; or has acted without material evidence to support is decision. The trial court does not weigh the evidence. The scope of review by the appellate courts is no broader or more comprehensive than that of the trial court with respect to evidence presented before the Board.

*Id.* at 276–77.

The Civil Service Merit System was established for employees of Shelby County by Chapter 110, Private Acts 1971. The Act establishes a Civil Service Merit Board, Private Acts, ch. 110, § 3, 494 (1971), with the power and duty to hear employee appeals following removal, suspension or reduction in rank. Private Acts, ch. 110, § 6(d), 497 (1971). The Board has the power to affirm, modify or revoke an order of discipline appealed to it. Private Acts, ch. 110, § 23, 505–06 (1971).

■ It is abundantly clear from the record before us that there is material evidence to support the finding that Austin was insubordinate. It is equally clear in the record that there is absolutely no evidence dealing with the sanctions imposed by the appointing authority, Bates, or those imposed by the Board. The Board is specifically given the power to modify the disciplinary action appealed. The Board's power to modify the sanctions imposed is of necessity a power that must be exercised within the discretion of the Board and is a judgment call based upon the nature and severity of the employee's action.

We have reviewed this record carefully and find nothing therein to indicate that the Board acted as to Austin's sanction without justification in fact. Although the Chancellor stated that the action of the Board in changing the sanctions was arbitrary and capricious, there is nothing in the record to support such a finding. Although this Court and the Chancery Court may not agree with the sanctions imposed, it is not our prerogative to substitute our judgment for the judgment of the Civil Service Merit Board. *See Burns v. Johnson,* 636 S.W.2d 441 (Tenn.App.1982).

The Chancellor had the sole duty to determine whether there was material evidence to support the Board's action, and the record in this case establishes that there is material evidence to support the sanctions imposed by the Board.

Accordingly, the judgment of the trial court is reversed and the ruling of the Shelby County Civil Service Merit Board is reinstated. This case is remanded for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellee.

HIGHERS and FARMER, JJ., concur.