IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 27, 2000 Session

## ELPIDIO PETE PLACENCIA v. LAUREN ROCHELLE PLACENCIA

**A Direct Appeal from the Circuit Court for Shelby County**
**No. 138164 R.D.     The Honorable George H. Brown, Jr., Judge**

---

**No. W1999-01812-COA-R3-CV - Filed December 27, 2000**

---

This is a post-divorce action involving custody and relocation of the parties' minor child. Father, primary custodial parent, filed a petition to relocate, and Mother filed a petition for change of custody. The trial court awarded custody of the child to Mother, and Father appealed. This Court reversed the custody award and remanded the case to the trial court. Pending application for permission to appeal to the Supreme Court, Mother filed a petition for stay of execution and a temporary injunction and also requested a change of custody based on changed circumstances. After the Supreme Court denied the application for permission to appeal, the trial court entered its order denying Mother's request for a hearing on her petition and denying other relief sought. Mother has appealed to this Court.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. joined, and HOLLY KIRBY LILLARD, J. joined with separate concurring opinion

Robert A. Talley, Memphis, For Appellant, Lauren Rochelle Placencia

Edward M. Bearman, James M. Allen, Memphis, For Appellee, Elpidio Pete Placencia

**OPINION**

Elpidio Pete Placencia ("Father") and Lauren Rochelle Placencia ("Mother") were divorced in May of 1992. The parties marital dissolution agreement, which was later incorporated into the final divorce decree, provided that Father would have custody of the parties' minor child, Megan Placencia ("Megan"), and that Mother would have reasonable visitation with the child. Five years later, Father filed a petition seeking to relocate to Georgia to accept a better-paying job. At that time, Mother filed a petition to prevent Father from removing the child from Tennessee, and seeking a change in custody. The trial court granted Mother custody of Megan, finding a change in material

circumstances, and Father appealed. This Court reversed the trial court[1], and on September 13, 1999, the Tennessee Supreme Court denied Mother's application for permission to appeal.

Following ***Placencia I***, Mother filed the instant action in Shelby County Circuit Court, alleging additional changes in circumstances warranting modification of custody, and seeking a hearing on Father's intention to relocate with Megan. The trial court denied Mother's petition, finding that the court "took into consideration all issues and factors in the Court's original ruling and the Court of Appeals has spoken to those issues." During the three years the parties pursued legal action in this matter, Megan resided with her mother pursuant to court order.

The parties raise two issues on appeal: (1) Whether the trial court erred in refusing to grant Mother a hearing on her petition to modify custody; and (2) Whether the trial court erred in refusing to grant a hearing on the issue of the removal of the minor child. For the reasons below, we find that the trial court erred in denying Mother a hearing on both petitions.

The trial court's denial of Mother's request for a hearing is a question of law. As such, our review of the trial court order is ***de novo*** upon the record with no presumption of correctness accompanying the trial court's conclusions of law. ***See*** Tenn. R. App. P. 13(d); ***Waldron v. Delffs***, 988 S.W.2d 182, 184 (Tenn. Ct. App. 1998); ***Sims v. Stewart***, 973 S.W.2d 597, 599-600 (Tenn. Ct. App. 1998).

Our Supreme Court has said, "Every man has a right to his day in Court, that is to have a hearing after due notice. . . ." ***Real Estate Comm'n v. McLemore***, 306 S.W.2d 683, 686 (Tenn. 1957). Additionally, the "Open Courts" section of the Tennessee Constitution provides:

> That all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay. Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct.

Tenn. Const. art. 1, § 17. The Tennessee Constitution also provides:

> That no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land.

Tenn. Const. art. 1, § 8.

---

[1] For purposes of this opinion, we will refer to our prior opinion in ***Placencia v. Placencia***, 3 S.W.3d 497 (Tenn. Ct. App. 1999), as "***Placencia I***".

Tennessee has long recognized that a parent's right to custody is a fundamental liberty interest which may not be abridged absent due process of law. *See, e.g., In re Knott*, 197 S.W. 1097, 1098 (Tenn. 1917); *State ex rel. Bethell v. Kilvington*, 45 S.W. 433, 434 (Tenn. 1898); *Neely v. Neely*, 737 S.W.2d 539, 542 (Tenn. Ct. App. 1987). Under the authorities cited above, therefore, it would be a violation of Mother's rights if she were denied her day in court on either the petition to modify or the original petition to relocate in this matter. We must, therefore, determine if Mother has been afforded an opportunity to be heard on the petitions which are the subject of this appeal.

We first address the original Petition to Modify Final Decree of Divorce which Mother filed on March 12, 1997 in response to Father's Petition to Relocate. Mother argues that, in its initial ruling on which parent should have custody of Megan, the trial court and this Court pretermitted the issue of relocation. Mother explains that she has a right to be heard on the issue of whether relocation is appropriate in this case. We agree.

T.C.A. § 36-6-108(d) governs the issue of relocation in a situation where one parent spends greater time with the child than the other parent. That section provides, in relevant part:

> (d) If the parents are not actually spending substantially equal intervals of time with the child and the parent spending the greater amount of time with the child proposes to relocate with the child, the other parent may, within thirty (30) days of receipt of the notice, file a petition in opposition to removal of the child. The other parent may not attempt to relocate with the child unless expressly authorized to do so by the court pursuant to a change of custody or primary custodial responsibility. **The parent spending the greater amount of time with the child shall be permitted to relocate with the child unless the court finds:**
>
> **(1) The relocation does not have a reasonable purpose;**
>
> **(2) The relocation would pose a threat of specific and serious harm to the child which outweighs the threat of harm to the child of a change of custody; or**
>
> **(3) The parent's motive for relocating with the child is vindictive in that it is intended to defeat or deter visitation rights of the non-custodial parent or the parent spending less time with the child.**
>
> Specific and serious harm to the child includes, but is not limited to, the following:

(1) If a parent wishes to take a child with a serious medical problem to an area where no adequate treatment is readily available;

(2) If a parent wishes to take a child with specific educational requirements to an area with no acceptable education facilities;

(3) If a parent wishes to relocate and take up residence with a person with a history of child or domestic abuse or who is currently abusing alcohol or other drugs;

(4) If the child relies on the parent not relocating who provides emotional support, nurturing and development such that removal would result in severe emotional detriment to the child;

(5) If the custodial parent is emotionally disturbed or dependent such that the custodial parent is not capable of adequately parenting the child in the absence of support systems currently in place in this state, and such support system is not available at the proposed relocation site;  or

(6) If the proposed relocation is to a foreign country whose public policy does not normally enforce the visitation rights of non-custodial parents, which does not have an adequately functioning legal system or which otherwise presents a substantial risk of specific and serious harm to the child.

T.C.A. § 36-6-108(d) (Supp. 2000)(emphasis added).

In *Placenia I*, neither the trial court nor this Court based their rulings on the issue of the propriety of Father's relocation, but disposed of the case on the custody issue of changed circumstances. *See* 3 S.W.3d at 502-503. Father argues that both courts addressed the relocation by implication in addressing the issue of custody. While, at first glance, this argument has appeal, we feel that the issues involved in allowing a custodial parent to relocate with a child are too important to leave to "implication."

The statute governing relocation specifically sets out three considerations which factor into a court's decision to allow the custodial parent to relocate: (1) a reasonable purpose for the relocation; (2) whether the relocation would pose a threat of specific and serious harm to the child; and (3) whether the parent's motive for the relocation is vindictive. *See* T.C.A. § 36-6-108(d). The only issue this Court addressed in *Placencia I* was whether Father's motive for relocating was vindictive. *See* 3 S.W.3d at 500. This Court noted that it was not. *Id.*

-4-

T.C.A. § 36-6-108(d) does not appear to require specific findings as to the three elements listed above, and we have found no Tennessee case which directly addresses whether such findings are required. However, given the fundamental nature of the interests involved, we hold that the trial court ruling should at least have addressed the issues of "reasonable purpose" and "specific and serious harm" in its opinion in this matter.

Further, we hold that, even if the trial court had addressed all three prongs of the applicable statute, Mother's second Petition to Modify, dated May 25, 1999, should be considered as an amendment to her original response to Father's Petition to Relocate. Mother has alleged certain facts, specifically: (1) that Husband has left his job in Georgia and is attending law school in Topeka, Kansas;[2] and (2) that, for the past two years, Megan has resided with her Mother in Tennessee. Whether the proof under these allegations has a bearing on Father's right to relocate is a matter for the trial court to determine. We hold only that Mother should be allowed an evidentiary hearing on Father's proposed relocation.

Even assuming, *arguendo*, that Mother has had her day in court on the issue of relocation, we hold that the trial court erred in denying her request for a hearing pursuant to her Petition to Modify filed May 25, 1999. As we noted, that petition alleges a material change in circumstances warranting modification of custody. This is a new petition, and alleges new facts which the trial court *must* consider under T.C.A. § 36-6-101(a)(1)(Supp. 2000), which provides that the issue of custody "shall remain within the control of the court and be subject to such changes or modifications as the exigencies of the case may require." *Id.* As we noted in *Placencia I*:

> When considering a petition to modify custody, the threshold issue is whether there has been a material change in circumstances occurring subsequent to the initial custody determination. If the trial court determines that there has, in fact, been a material change in circumstances, the court then seeks to devise a custody arrangement that is in the best interests of the child. Absent a material change in circumstances, however, the petition to modify custody must be denied.

3 S.W.3d at 499 (citations omitted). Again, we do not hold that Mother's allegations amount to a material change in circumstances warranting modification of the original decree. We only hold that Mother has a right to present evidence in support of her petition.

---

[2]The parties appear to dispute why Husband left his employment with Wal-mart. Mother alleges that Father left voluntarily, while Father argues he left because of his unwillingness to participate in "something that endangered individuals and was contrary to the law."

Accordingly, the order of the trial court is vacated and the case is remanded to the trial court for an evidentiary hearing on the issue of Father's relocation and on the issue of custody because of changed circumstances subsequent to the date of the Court of Appeals Opinion. Costs of the appeal are assessed to appellee, Elpidio Pete Placencia.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.