## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE AT NASHVILLE
### November 14, 2023 Session

### STATE OF TENNESSEE v. STEPHEN NOVATNE

**Appeal from the Circuit Court for Rutherford County**
**No. 81604    James A. Turner, Judge**

_____

### No. M2023-00114-CCA-R3-CO

_____

The Defendant, Stephen Novatne, pled guilty to possessing methamphetamine in a drug-free zone and agreed to serve a sentence of eight years. He later filed a motion asking the trial court to resentence him in accordance with the 2020 amendments to the Drug-Free Zone Act. The trial court declined to do so, finding that resentencing was not in the interests of justice, and the Defendant appealed. Because the Defendant does not have an appeal as of right from a denial of resentencing under the Drug-Free Zone Act, we respectfully dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

TOM GREENHOLTZ, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

Heather G. Parker, Murfreesboro, Tennessee, for the appellant, Stephen Christopher Novatne.

Jonathan Skrmetti, Attorney General and Reporter; Lacy E. Wilber, Senior Assistant Attorney General; Jennings H. Jones, District Attorney General; and Dana S. Minor, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTUAL BACKGROUND

On February 25, 2020, the Defendant pled guilty to the offense of possession of less than .5 grams of methamphetamine with intent to deliver in a drug-free zone, a Class B felony offense. Pursuant to the Drug-Free Zone Act ("DFZ Act"), the trial court sentenced

the Defendant as a Range I, standard offender to a term of eight years to be served at 100% in the Department of Correction. *See* Tenn. Code Ann. § 39-17-432(c) (2014).

Within months of the Defendant's sentence, the General Assembly amended the penalties established by the DFZ Act,[1] and two years later, the legislature allowed defendants who had been sentenced before September 1, 2020, to ask for resentencing under the amended penalties. *See* Tenn. Code Ann. § 39-17-432(h) (Supp. 2022). On September 7, 2022, the Defendant filed a motion asking to be resentenced under the 2020 amendments.

On January 9, 2023, the trial court entered an order denying the Defendant's motion for resentencing under the 2020 amendments. In its decision, the trial court gave great weight to the fact that the original sentence was entered pursuant to a plea agreement. In that agreement, the State offered multiple concessions, including its agreement to dismiss several cases, to sentence the Defendant as a Range I offender,[2] and to align service of probation revocations concurrently with the DFZ Act sentence. The trial court stated that "[t]o grant Mr. Novatne's petition would provide him another bite at the apple. The Court would not be able to afford the same bite to the State given that it voluntarily dismissed charges against Mr. Novatne."

The Defendant timely appealed the denial of his motion on January 20, 2023. The State moved to dismiss the appeal, arguing that Tennessee Rule of Appellate Procedure 3 does not provide an appeal as of right from a denial of resentencing. This Court deferred ruling on the motion until after the briefing and oral argument were completed. Having now fully considered the issue, we conclude that the Defendant does not have an appeal as of right from the denial of a motion for resentencing under the DFZ Act. Therefore, we respectfully dismiss the appeal.

---

[1]     The Defendant's offense of possessing less than .5 grams of methamphetamine with intent to deliver was punishable as a Class C felony offense. *See* Tenn. Code Ann. §§ 39-17-434(e)(1); 39-17-417(c)(2)(A) (2014). However, because the Defendant committed the offense in a drug-free zone, the DFZ Act required him to be punished for a Class B felony offense. *Id.* § 39-17-432(b)(1) (2014) (requiring that an offense committed in a drug-free zone "shall be punished one (1) classification higher than is provided in § 39-17-417(b)-(i) for such violation."). The DFZ Act also required that he serve at least the minimum sentence in the enhanced offense class. *Id.* § 39-17-432(c).

The amendments to the DFZ Act became effective for offenses occurring on or after September 1, 2020. *See* 2020 Tenn. Pub. Acts, ch. 803, § 12. Among other things, the 2020 amendments made "the sentencing enhancements and mandatory minimum service requirements of Code section 39-17-432 permissive, rather than mandatory." *See, e.g.*, *State v. Hamlin*, No. E2022-00139-CCA-R3-CD, 2023 WL 177105, at *4 (Tenn. Crim. App. Jan. 10, 2023), *perm. app. denied* (Tenn. May 10, 2023).

[2]     The Defendant was otherwise qualified as a Range II, multiple offender.

**ANALYSIS**

The threshold issue in this case concerns whether this Court has jurisdiction to hear an appeal arising from a denial of resentencing pursuant to the DFZ Act. The Defendant asserts that Tennessee Rule of Appellate Procedure 3 grants him a right to appeal because he may appeal a sentence that does not result from an agreement. Alternatively, the Defendant argues that due process principles require that he be afforded the right to appeal in this circumstance. We respectfully disagree.

### A. TENNESSEE RULE OF APPELLATE PROCEDURE 3(B)

With respect to the Defendant's first argument, this Court has held that a defendant "does not have an appeal as of right" from a denial of resentencing under the DFZ Act because "[n]either Rule 3 nor the most recent amendment to Tenn. Code Ann. § 39-17-432(h) (2022) provides for an appeal as of right for the defendant." *State v. Bobo*, 672 S.W.3d 299, 302 (Tenn. Crim. App. 2023); *see also State v. King*, No. E2022-01394-CCA-R3-CD, 2023 WL 7298753, at *4 (Tenn. Crim. App. Nov. 6, 2023) ("[W]e conclude that Defendant's contention that the language of Rule 3(b) does not limit his ability to file an appeal as of right [from a denial of resentencing under the DFZ Act] is without merit."); *State v. Billingsley*, No. E2022-01419-CCA-R3-CD, 2023 WL 4417531, at *6 (Tenn. Crim. App. July 10, 2023) (adopting *Bobo* and "similarly conclud[ing] that the Defendant in this case does not have a right to an appeal on this issue."), *perm. app. filed* (Tenn. Aug. 11, 2023). In contrast, the plain language of Rule 3(b) allows an appeal when a defendant is *granted* a resentencing because the resentencing will produce a new sentence with an amended final judgment. *State v. Watson*, No. E2022-01321-CCA-R3-CD, 2023 WL 5925717, at *7 (Tenn. Crim. App. Sept. 12, 2023), *no perm. app. filed*.

Although the Defendant acknowledges this Court's holdings in *Bobo* and *Billingsley*, he contends that Rule 3 grants a right to appeal a denial of resentencing. He begins with the premise that Rule 3(b) expressly allows for an appeal when a defendant pleads guilty, but "there was no plea agreement concerning the sentence[.]" Tenn. R. App. P. 3(b). From this premise, he asserts that, because he has sought to be resentenced under the DFZ Act, he no longer "agrees" to the sentence set forth in his original plea agreement. As such, he concludes that he is now entitled to an appeal because no plea agreement exists concerning his sentence. *Id.*

We are unpersuaded by the Defendant's argument, particularly as it relies upon recharacterizing what occurred three years ago. At that time, the Defendant agreed to an eight-year sentence as part of a plea agreement that granted him substantial consideration. The Defendant's present dissatisfaction with his agreed sentence does not affect the validity of that sentence or his original plea agreement. He cannot, by a legal fiction,

3

simply withdraw his "agreement" and create a right of appeal that does not otherwise exist by law. Importantly, the trial court here left the long-standing status quo in place, and the original judgment of conviction is unaffected. *Cf. Watson*, 2023 WL 5925717, at \*7. As we recognized in *Bobo*, the plain language of Rule 3(b) does not grant the Defendant a right to an appeal in this circumstance. The Defendant's argument is without merit.

## B.    DUE PROCESS PRINCIPLES

In the alternative, the Defendant argues that due process principles require that he be granted an appeal from the denial of his request for resentencing. We again respectfully disagree.

No party had a right to an appeal at common law. *State v. Bockman*, 201 S.W. 741, 742 (Tenn. 1918). Our state constitutions have not textually recognized the right to an appeal, and our present Constitution expressly allows the right to appeal to be restricted and regulated by law. Tenn. Const. art. VI, § 2; *Arroyo v. State*, 434 S.W.3d 555, 559 (Tenn. 2014). Indeed, as our supreme court has recognized,

> The right of appeal is not fixed by our Constitution further than to insure that the Supreme Court shall have the right of supervisory review over all inferior tribunals. Every man has a right to his day in Court, that is to have a hearing after due notice, but it by no means follows that he has a right to have the first hearing reviewed by a higher Court.

*Real Est. Comm'n v. McLemore*, 306 S.W.2d 683, 686 (Tenn. 1957). As such, the constitutional rights guaranteed to the criminally accused by our state Constitution "do not include a right to appellate review." *State v. Bates*, 804 S.W.2d 868, 883 (Tenn. 1991).[3]

Likewise, the Fourteenth Amendment to the United States Constitution does not guarantee the right to appeal in a state criminal case. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) ("There is, of course, no constitutional right to an appeal[.]"); *cf. also Davila v. Davis*, 582 U.S. 521, 531 (2017) ("The Constitution twice guarantees the right to a criminal trial, but does not guarantee the right to an appeal at all." (citation omitted)). Indeed, the Supreme Court has recognized that this principle is so well-settled that "[a] citation of authorities upon the point is unnecessary." *McKane v. Durston*, 153 U.S. 684, 687 (1894); *see also Reetz v. People of State of Michigan*, 188 U.S. 505, 508 (1903) ("Neither is the right of appeal essential to due process of law. In nearly every state are statutes giving, in

---

[3]    Of course, if a right to appeal is *statutorily* available in a particular case, then "the proceedings must comport with constitutional standards." *Serrano v. State*, 133 S.W.3d 599, 604 (Tenn. 2004).

criminal cases of a minor nature, a single trial, without any right of review. For nearly a century, trials under the Federal practice for even the gravest offenses ended in the trial court, except in cases where two judges were present and certified a question of law to this court.").

Because neither the federal nor state constitution guarantees the right to an appeal, our supreme court has recognized that a defendant "has no appeal as of right unless it is enumerated in Rule 3(b)" of the Tennessee Rules of Appellate Procedure or by a separate statute. *State v. Rowland*, 520 S.W.3d 542, 545 (Tenn. 2017); *State v. Lane*, 254 S.W.3d 349, 352 (Tenn. 2008) ("Unlike civil litigants, who have an appeal as of right from any final judgment, parties in criminal cases do not always have an appeal as of right under the Rules of Appellate Procedure."); Tenn. R. Crim. P. 37(b) ("The defendant or the state may appeal any order or judgment in a criminal proceeding when the law provides for such appeal."). As such, we disagree that due process principles grant the Defendant a right of appeal not otherwise recognized by statute or rule.

In a variation on the theme, the Defendant argues that it "defies logic" for the General Assembly to create a right to resentencing but then deny meaningful appellate review. He also asserts that the resentencing statute would be "pointless" without a right to appeal. For two reasons, we again respectfully disagree.

First, it is not unusual for the law to restrict the right to appeal when, as here, a trial court reaffirms the status quo and leaves an original lawful judgment in place. For example, the General Assembly has restricted the right of appeal when a trial court denies a motion to reopen a post-conviction petition. *See* Tenn. Code Ann. § 40-30-117(c) (recognizing appeal by permission only). In addition, a defendant has no right to appeal from the following types of orders where the original judgment remains unaffected:

- orders denying a motion to modify a condition of probation, *Lane*, 254 S.W.3d at 353;

- orders denying a motion to correct an illegal sentence, at least before an amendment to Tennessee Rule of Appellate Procedure 3(b), *Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005);

- orders denying a motion to reinstate probation, *State v. Moses*, No. W2011-01448-CCA-R3-CD, 2011 WL 6916487, at *1-2 (Tenn. Crim. App. Dec. 28, 2011), *no perm. app. filed*;

- orders denying a motion for a furlough, *State v. Bean*, No. M2009-02059-CCA-R3-CD, 2011 WL 917038, at *2 (Tenn. Crim. App. Mar. 16, 2011), *no perm. app. filed*;

- orders denying a motion for relief from judgment, *Schreane v. State*, No. E2012-00954-CCA-R3-CO, 2013 WL 5516430, at *3 (Tenn. Crim. App. Oct. 2, 2013), *perm. app. denied* (Tenn. Jan 14, 2014); and

- orders denying a motion to suspend payment of court costs, *State v. Hegel*, No. E2015-00953-CCA-R3-CO, 2016 WL 3078657, at *1-2 (Tenn. Crim. App. May 23, 2016), *no perm. app. filed*.

*Rowland*, 520 S.W.3d at 545 (also identifying other examples); *see also State v. Sales*, No. M2022-01077-CCA-R3-CD, 2023 WL 2681899, at *3 (Tenn. Crim. App. Mar. 29, 2023) (holding that no appeal exists when a trial court denies a motion to vacate judgments alleged to be improperly entered by the clerk), *perm. app. denied* (Tenn. Aug. 8, 2023).

Although the DFZ Act now authorizes limited sentencing relief, it also expressly recognizes that a trial court is not required to grant that relief. Tenn. Code Ann. § 39-17-432(h)(4) ("This subsection (h) does not require a court to reduce any sentence pursuant to this section."). In this circumstance, as in others, the General Assembly may reasonably restrict or extend the right of appeal as it deems appropriate. *See James v. Kennedy*, 129 S.W.2d 215, 216 (Tenn. 1939) (recognizing that the jurisdiction of the appellate courts "may be abridged or extended by the Legislature as public policy may require"). The failure to provide for an appeal when a trial court leaves a lawful sentence in place is neither unreasonable nor illogical.

Second, insofar as the Defendant argues that the resentencing statute would be "pointless" without a right to appeal, we acknowledge that one may agree or disagree with him as a matter of public policy. But "[p]roperly conceived, the judicial power is not a grant of authority for courts to choose between optimal goals for advancing public policy." *See Black v. State*, No. M2022-00423-CCA-R3-PD, 2023 WL 3843397, at *12 (Tenn. Crim. App. June 6, 2023) (citing *Coffman v. Armstrong Int'l, Inc.*, 615 S.W.3d 888, 899 (Tenn. 2021)). To that end, we will not make the DFZ Act say something that it does not under the guise of "interpreting" the statute. The Defendant's policy arguments, such as they are, "must be made to the General Assembly, not to this Court." *City of Knoxville v. Netflix, Inc.*, 656 S.W.3d 106, 115 (Tenn. 2022) (citation and internal quotation marks omitted). The Defendant is not entitled to relief.

**CONCLUSION**

In summary, we hold that the Defendant does not have a right to appeal from a trial court's denial of resentencing under the Drug-Free Zone Act. We also hold that principles of due process do not grant a right to appeal that is not otherwise permitted by any statute

or the Tennessee Rules of Appellate Procedure. We respectfully affirm the judgment of the trial court.

_____<br>TOM GREENHOLTZ, JUDGE